MILDRED BLACK MILLER v. WALTER JOHN MILLER

SUPERIOR COURT    NEW LONDON COUNTY    FILE No. 16648

Memorandum filed April 23, 1946.

*Griswold Morgan,* of New London, for the Plaintiff.

INGLIS, J. The parties to this action for divorce on the ground of intolerable cruelty were married on October 3, 1942. At the time of the marriage the plaintiff was domiciled in New London, but during their married life until December 6, 1945, at least, the couple resided in or near Oneida in New York state. On December 6, 1945, having decided that she could no longer live with her husband, the plaintiff came to New London, bringing only a small portion of her personal belongings

with her. Her main purpose on this trip was to see her parents and talk the situation over with them. In two or three days she returned to Oneida. After a brief stay there she came back to New London about December 12, to retain her attorney and authorize the institution of this divorce action. The action was instituted on December 15, and the allegation of the complaint as to residence is that "before bringing this complaint . . . [the plaintiff] . . . returned to this State with the intention of permanently remaining."

Before the actual issuance of the writ on December 15, the plaintiff had returned to Oneida, she says, with the intention of giving up her job as a waitress and her apartment there and bringing all of her possessions back to New London. If that were her intention, however, she soon changed her mind. The night she arrived in Oneida she did tell her employer that she would quit the job at the end of a week, and she did give up her apartment, but she gave up her apartment only to move in with a friend in Oneida, and the very next morning she told her employer that she would continue on with her work for him. She has continued to live in Oneida ever since, and at the time of the hearing of the case nearly all of her belongings were there.

The allegation of the writ as to residence follows the wording of the statute. General Statutes § 5181. To satisfy the statute the plaintiff must prove that at the time the action was instituted she had not only returned to this state but also had done so with the intention of permanently remaining here. The evidence does not justify a finding that she had any such intention. Her conduct, viewed in the most favorable light, would indicate that at the time she had no very definite intention as to where her residence was going to be in the future. Her intention clearly was divided between staying on in Oneida, on the one hand, and, on the other hand, getting a divorce in Connecticut, where such a divorce could be obtained on the ground of intolerable cruelty, which of course is not a ground for divorce in New York. Such a vacillation of intention is not such a fixed intention to remain permantly in this state as the statute requires.

The defendant has been guilty of intolerable cruelty as alleged in the complaint. But, because the plaintiff has not satisfied the statute as to residence, judgment may enter denying the divorce.